**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter   **11**

☐ Check if this is an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Finch Therapeutics Group, Inc.** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **82-3433558** |

**4.   Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **75 State Street**<br>**Suite 100**<br>**Boston, MA 02109** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Suffolk** | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

**5.   Debtor's website** (URL)     **http://www.finchtherapeutics.com**

**6.   Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Finch Therapeutics Group, Inc.**                          Case number (*if known*) _____
Name

**7.   Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

___**3254**___

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.   Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

Debtor **Finch Therapeutics Group, Inc.**
Name

Case number (*if known*) _____

List all cases. If more than 1, attach a separate list

Debtor **See Attached List** _____ Relationship _____

District _____ When _____ Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor    **Finch Therapeutics Group, Inc.**                         Case number (*if known*) _____
          Name

| Request for Relief, Declaration, and Signatures |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **March 22, 2026**
               MM / DD / YYYY

X    **/s/ Matthew P. Blischak**                          **Matthew P. Blischak**
     Signature of authorized representative of debtor      Printed name

Title    **Chief Executive Officer**

**18. Signature of attorney**

X    **/s/ Robert A. Weber**                          Date    **March 22, 2026**
     Signature of attorney for debtor                          MM / DD / YYYY

**Robert A. Weber**
Printed name

**Chipman Brown Cicero & Cole, LLP**
Firm name

**Hercules Plaza**
**1313 North Market Street, Suite 5400**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **(302) 295-0191**    Email address    **weber@chipmanbrown.com**

**4013 DE**
Bar number and State

## SCHEDULE 1 — AFFILIATED DEBTORS

The following list identifies all of the affiliated entities, including the Debtor filing this petition, that have filed voluntary petitions for relief in this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, substantially contemporaneously with the filing of this petition.

|    | DEBTOR'S NAME | DEBTOR'S EIN | STATE OF INC. |
|----|---------------|--------------|---------------|
| 1. | Finch Therapeutics Group, Inc. | 82-3433558 | Delaware |
| 2. | Finch Therapeutics, Inc. | 47-2453711 | Delaware |
| 3. | Finch Therapeutics Holdings, LLC | 82-1670727 | Delaware |
| 4. | Finch Research and Development LLC | 47-4489205 | Delaware |

**OMNIBUS WRITTEN CONSENT
OF
THE BOARD OF DIRECTORS
OF
FINCH THERAPEUTICS GROUP, INC. AND
FINCH THERAPEUTICS, INC.,
AND
THE SOLE MEMBERS
OF
FINCH THERAPEUTICS HOLDINGS LLC AND
FINCH RESEARCH AND DEVELOPMENT LLC**

**March 22, 2026**

**WHEREAS**, Finch Therapeutics Group, Inc. ("FTGI"), a Delaware corporation, is the sole stockholder of Finch Therapeutics, Inc. ("FTI"), a Delaware corporation, its direct wholly owned subsidiary;

**WHEREAS**, FTGI is the sole member of Finch Therapeutics Holdings LLC ("FTH"), a Delaware limited liability company, its direct wholly owned subsidiary, and Finch Therapeutics Holdings LLC is the sole member of Finch Research and Development LLC ("FRD" and, together with FTGI, FTI, and FTH, the "Companies" and each, a "Company"), a Delaware limited liability company, its direct wholly owned subsidiary;

**WHEREAS**, the Board of Directors or Member, as applicable, of each of the Companies (collectively, the "Governing Bodies" and each, a "Governing Body") have had the opportunity to consult with the management and the legal and financial advisors of each such Company to fully consider, and has considered, each of the strategic alternatives available to each such Company;

**WHEREAS**, in accordance with the laws of the State of Delaware, including the Delaware General Corporate Law and the Delaware Limited Liability Company Act, and the governing documents of each such Company, each Governing Body does hereby take the following action by written consent (this "Consent") and hereby consents to, approves, and adopts the following resolutions and directs that this Consent be filed in the records of each of the Companies.

## I.    CHAPTER 11 FILING

**WHEREAS**, the Governing Body of each Company has considered information provided by the management and the financial and legal advisors of each such Company regarding the liabilities and liquidity situation of each such Company, the strategic alternatives available to it and the effect of the foregoing on each such Company's business, creditors, stakeholders and other parties in interest;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with each such Company's management and financial and legal advisors and fully consider each of the strategic alternatives available to each such Company;

**WHEREAS**, the Governing Body of each Company, based on its review of all available alternatives and advice provided by such advisors and professionals, has determined that it is advisable and in the best interest of each such Company and its stakeholders for each such Company to take the actions specified in the following resolutions;

**WHEREAS**, the Governing Body of each Company has been presented with a proposed voluntary petition (the "Chapter 11 Petition") to be filed by each such Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor in possession will be sought;

**WHEREAS**, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of each such Company regarding the material terms of the "first day" pleadings, applications, affidavits and other documents, in each case, in form and substance substantially similar to the form provided to the Governing Bodies (collectively, the "Chapter 11 Filings") to be filed by each such Company before the Bankruptcy Court in connection with the commencement of each such Company's chapter 11 case (each a "Bankruptcy Case" and, collectively, the "Bankruptcy Cases"); and

**WHEREAS**, the Governing Body of each Company, having considered the financial and operational aspects of each such Company's business and the best course of action to maximize value, have determined that it is advisable and in the best interest of each such Company, its creditors, stakeholders and other interested parties that the Chapter 11 Petition be filed by each such Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Governing Body of each Company, it is advisable and in the best interest of each such Company, its creditors, stakeholders and other interested parties, that the Chapter 11 Petition and the Chapter 11 Filings be filed by each such Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such Chapter 11 Petition and Chapter 11 Filings is authorized hereby;

**RESOLVED**, that any officer of each Company, or its manager, as applicable (each an "Authorized Person"), in each case, be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of each such Company, to execute and verify the Chapter 11 Petition and the Chapter 11 Filings in the name of each such Company under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person(s) executing said Chapter 11 Petition and Chapter 11 Filings on behalf of each such Company shall determine;

II.     RETENTION OF PROFESSIONALS

**RESOLVED**, that the Authorized Persons be, and each hereby is, empowered, authorized and directed, on behalf of and in the name of each such Company, to continue to retain and employ the law firms of Ropes & Gray LLP ("R&G") and Chipman Brown Cicero & Cole, LLP ("CBCC"), as bankruptcy counsel, to represent and assist each such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings in the

Bankruptcy Case and all other related matters in connection therewith, in such capacities and on such terms as the Authorized Persons of each such Company, and each of them, may or shall approve and/or have previously approved;

**RESOLVED**, that the Authorized Persons be, and each hereby is, empowered, authorized and directed, on behalf of and in the name of each such Company, to continue to retain and employ Rock Creek Advisors ("Rock Creek") as investment banker and financial advisor to the Companies;

**RESOLVED**, that the Authorized Persons be, and each hereby is, empowered, authorized and directed, on behalf of and in the name of each such Company, to continue to retain Omni Agent Solutions, Inc. ("Omni") to provide services to each such Company regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and any other services agreed to by the parties;

**RESOLVED**, that the Authorized Persons be, and each hereby is, empowered, authorized and directed, on behalf of and in the name of each such Company, to continue the employment and retention of professionals in the ordinary course as long as they deem appropriate and in the Bankruptcy Case to retain and employ other attorneys, accountants, and other professionals to assist in each such Company's Bankruptcy Case on such terms as are deemed necessary, appropriate or advisable;

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized and directed, on behalf of and in the name of each such Company, to execute any appropriate engagement letters and agreements and such other documents necessary to retain or continue to retain R&G, CBCC, Rock Creek, and Omni, and any other or additional financial advisors, investment bankers, accountants, auditors, advisors, legal counsel, and other professionals not specifically identified herein (the "Professionals") as may be in the best interest of each such Company, and to cause each such Company to pay appropriate retainers to such Professionals prior to the filing of the Bankruptcy Case or after to the extent appropriate and permitted in the Bankruptcy Case, and to cause to be filed appropriate applications or motions seeking authority to retain and pay for the services of such Professionals;

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized and directed, on behalf of and in the name of each such Company, to pay, or cause to be paid, all fees and expenses incurred by each such Company in connection with services rendered by the Professionals and to make, or cause to be made, all payments as they, or any of them individually, shall determine to be necessary, appropriate or advisable, such payment to be conclusive evidence of their determination;

## III.  GENERAL

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of each such Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions;

Docusign Envelope ID: 61EC6833-690B-48E1-8E39-A547E17F39D7

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of each such Company, to take or cause to be taken any and all such further action and to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates, resolutions and other writings as they or any of them deem necessary, desirable or appropriate to effectuate the purpose and intent of any and all of the foregoing resolutions, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the action in support thereof, or the execution and delivery thereof, by such Authorized Persons (or such persons directed by such Authorized Persons);

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of each such Company under chapter 11 of the Bankruptcy Code, or in connection with the Bankruptcy Case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of each such Company in all respects by the Governing Body of each such Company;

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Person, or by any employees or agents of each such Company, on or before the date hereof in connection with the transactions contemplated by the foregoing resolutions be, and hereby are, authorized, adopted, ratified, confirmed and approved in all respects by the Governing Body of each such Company;

**RESOLVED**, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, instruments, filings or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, appropriate or advisable to consummate, effectuate, carry out or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions, the necessity, appropriateness, and advisability, of which shall be conclusively evidenced by the execution and delivery thereof, or action in support thereof, by such Authorized Person;

**RESOLVED**, that the Governing Body of each such Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each such Company, or hereby waive any right to have received such notice;

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of each such Company, to execute, deliver, perform, verify and/or file, or cause to be executed, delivered, performed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, other papers, waivers of or amendments to existing documents, and to negotiate the forms, terms and provisions of, and to execute and deliver any amendments, modifications, waivers or consent to any of the foregoing as may be approved by any Authorized Person, which amendments, modifications, waivers or consents may provide for consent payments, fees or other amounts

payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals or other professionals, and to take any and all action which such Authorized Person or Authorized Persons deem necessary, appropriate or advisable in connection with the Bankruptcy Case, with a view to the successful prosecution of the Bankruptcy Case contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary, appropriate, or advisable to maintain the ordinary course operation of each such Company's business;

**RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, empowered and directed, on behalf of and in the name of each such Company, to execute, deliver and perform any and all special powers of attorney as such Authorized Person may deem necessary, appropriate or advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Person will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as each such Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary, appropriate or advisable to facilitate consummation of the transactions contemplated by the foregoing resolutions; and

**RESOLVED**, that this written Consent may be executed in counterparts, each of which shall constitute an original, but all of which shall constitute one and the same instrument, and that a copy of the Consent shall be filed with the books and records of the Companies.

[*Signature Pages Follow*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of Finch Therapeutics Group, Inc., have caused this Omnibus Written Consent to be executed as of the date first set forth above.

BOARD OF DIRECTORS:

By: _____
Name: Christian Lange

By: _____
Name: Stephen McCall

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of Finch Therapeutics, Inc., have caused this Omnibus Written Consent to be executed as of the date first set forth above.

BOARD OF DIRECTORS:

By: _Matthew Blischak_

Name: Matthew Blischak

By: _Stephen McCall_

Name: Stephen McCall

IN WITNESS WHEREOF, the undersigned being the sole member of Finch Therapeutics Holdings LLC has executed this Omnibus Written Consent as of the date first set forth above.

FINCH THERAPEUTICS GROUP, INC., in its capacity as Sole Member of Finch Therapeutics Holdings LLC

By: _____

Name: Matthew Blischak

Its:    Authorized Signatory

**IN WITNESS WHEREOF**, the undersigned being the sole member of Finch Research and Development LLC has executed this Omnibus Written Consent as of the date first set forth above.

FINCH THERAPEUTICS HOLDINGS LLC, in its capacity as Sole Member of Finch Therapeutics Research and Development LLC

By: _____

Name: Matthew Blischak

Its:     Authorized Signatory

Fill in this information to identify the case:

Debtor name **Finch Therapeutics Group Inc., *et al.,***

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known): _____

☐ Check if this is an

amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| Hood Park LLC 6 Kimball Lane Lynnfield, MA 01940 | Maria Fabbo mfabbo@catamountmanagement.com 617-6607407 | Landlord | | | | $2,757,541.92 |
| Morgan Lewis & Bockius LLP 2222 Market Street Philadelphia, PA 19103-3007 | Sara Egan sara.egan@morganlewis.com 215-963-5331 | Professional Services | | | | $850.05 |
| Anderson & Kreiger, LLP 50 Milk Street, 21st Floor Boston, MA 02109 | Renita Norris norris@andersonkreiger.com 617-621-6500 | Professional Services | | | | $755.00 |
| Blu Planet Supply LLC 29 Sawyer Rd Waltham, MA 02453-3427 | Vince Wong sperdomo@bluplanetsupply.com 781-647-5672 | Trade Creditors, Payables and Accrued Liabilities | | | | $76.64 |
| Blue Mantis Inc. 2 International Drive Ste. 260 Portsmouth, NH 03801-6810 | James Ranne billing@bluemantis.com 207-475-1656 | Trade Creditors, Payables and Accrued Liabilities | | | | $68.05 |
| Iron Mountain 1101 Enterprise Drive Royersford, PA 19468 | Taiyaba Begum Taiyaba.Begum@ironmountain.com 215-392-0891 | Trade Creditors, Payables and Accrued Liabilities | | | | $39.95 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Finch Therapeutics Group, Inc., *et al.*,[1] | Case No. 26-xxxxx (XXX) |
| Debtors. | (*Joint Administration Requested*) |

**DEBTORS' CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO
FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the above-captioned debtor and its debtor affiliates, as debtors and debtors in possession (each, a "**Debtor**" and, collectively, the "**Debtors**"), to the best of their knowledge, information, and belief, hereto state as follows:

1. Finch Therapeutics Group, Inc. is 24.7154% owned by Crestovo Investor LLC. No other parent corporation or publicly held corporation owns 10% or more of Finch Therapeutics Group, Inc.'s stock.

2. Finch Therapeutics Group, Inc. owns one hundred percent (100%) of Debtor Finch Therapeutics Inc.

3. Finch Therapeutics Group, Inc. owns one hundred percent (100%) of Debtor Finch Therapeutics Holdings LLC.

4. Finch Therapeutics Holdings LLC owns one hundred percent (100%) of Debtor Finch Research and Development LLC.

5. A list of Finch Therapeutics, Group, Inc.'s known equity interest holders and the nature of their equity interests is attached hereto as **Exhibit A**.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  Finch Therapeutics Group, Inc. (3558); Finch Therapeutics, Inc. (3711); Finch Therapeutics Holdings LLC (0727); and Finch Research and Development LLC (9205).  The Debtors' service address is 75 State Street, Suite 100, Boston, MA 02109.

# EXHIBIT A

## LIST OF FINCH THERAPEUTICS GROUP, INC.'S KNOWN EQUITY INTEREST HOLDERS

| Name of Interest Holder | Interest Held | Number of Shares Owned | Percentage of Interests Held |
|---|---|---|---|
| Ada Huang | Common Stock | 15 | 0.0009% |
| Aislinn Rowan-Nash | Common Stock | 10 | 0.0006% |
| Alejandro Zuniga | Common Stock | 46 | 0.0029% |
| Alex Scheeler | Common Stock | 21 | 0.0013% |
| Arcos Ventures SPV LLC | Common Stock | 7,096 | 0.4419% |
| Ben Ngai | Common Stock | 23 | 0.0014% |
| Bharat Ramakrishna | Common Stock | 94 | 0.0059% |
| Brian Miglionico | Common Stock | 349 | 0.0217% |
| Brian Yang | Common Stock | 6 | 0.0004% |
| Brittney McKittrick | Common Stock | 133 | 0.0083% |
| Cheryl Boehler | Common Stock | 10 | 0.0006% |
| Claire Anderson | Common Stock | 16 | 0.0010% |

2

| Name of Interest Holder | Interest Held | Number of Shares Owned | Percentage of Interests Held |
|---|---|---|---|
| Crestovo Investor LLC | Common Stock | 396,871 | 24.7154% |
| Crystal Chen | Common Stock | 97 | 0.0060% |
| Deberly Kauffman | Common Stock | 257 | 0.0160% |
| Derek Gumuchian | Common Stock | 53 | 0.0033% |
| Elyse Skenderian | Common Stock | 25 | 0.0016% |
| Emily Sansevere | Common Stock | 24 | 0.0015% |
| Eva De La Serna | Common Stock | 80 | 0.0050% |
| Gabriella Linville-Engler | Common Stock | 19 | 0.0012% |
| Great Point Capital LLC | Common Stock | 120,226 | 7.4871 % |
| Harriette Carrington | Common Stock | 26 | 0.0016% |
| Indrani Nandi | Common Stock | 12 | 0.0007% |
| Irina Koroleva | Common Stock | 296 | 0.0184% |
| Jacob Dixon | Common Stock | 19 | 0.0012% |
| Jessica Pierce | Common Stock | 101 | 0.0063% |
| Jimmy Vo | Common Stock | 33 | 0.0021% |
| John Grossman | Common Stock | 72 | 0.0045% |
| Jon Taie | Common Stock | 15 | 0.0009% |

3

| Name of Interest Holder | Interest Held | Number of Shared Owned | Percentage of Interests Held |
|---|---|---|---|
| Jonathan Barr | Common Stock | 206 | 0.0128% |
| Joseph Maxwell | Common Stock | 263 | 0.0164% |
| Karl Yoder | Common Stock | 515 | 0.0321% |
| Kelly Ling | Common Stock | 78 | 0.0049% |
| Kirk Lau | Common Stock | 18 | 0.0011% |
| M3 Ventures - Finch LLC | Common Stock | 5,764 | 0.3590% |
| Majdi Osman | Common Stock | 128 | 0.0080% |
| Mansa Shroff | Common Stock | 14 | 0.0009% |
| Mariia Yelizarova | Common Stock | 10 | 0.0006% |
| Matthew Mcpherron | Common Stock | 383 | 0.0239% |
| Matthew Sanders | Common Stock | 703 | 0.0438% |
| Melissa Mahoney | Common Stock | 10 | 0.0006% |
| Michael Hoffert | Common Stock | 23 | 0.0014% |
| Nancy Dubois | Common Stock | 54 | 0.0034% |
| Natalia Outkina | Common Stock | 167 | 0.0104% |
| Neil E Rasmussen 2007 Revocable Trust | Common Stock | 17,858 | 1.1121% |
| Neil E Rasmussen 2010 Revocable Trust | Common Stock | 9,142 | 0.5693% |

4

| Name of Interest Holder | Interest Held | Number of Shared Owned | Percentage of Interests Held |
|---|---|---|---|
| Pooja Pai | Common Stock | 29 | 0.0018% |
| Renae Irving | Common Stock | 9 | 0.0006% |
| Robert Kankus | Common Stock | 23 | 0.0014% |
| Sara Bither | Common Stock | 21 | 0.0013% |
| Sarah Alley | Common Stock | 52 | 0.0032% |
| Shevon Walker | Common Stock | 7 | 0.0004% |
| Steven Smriga | Common Stock | 29 | 0.0018% |
| Symbiosis LLC | Common Stock | 160,366 | 9.9869% |
| Tara Lambert | Common Stock | 21 | 0.0013% |
| The Domenic J Ferrante 2006 Investment Trust | Common Stock | 17,775 | 1.1070% |
| Thomas Smith | Common Stock | 38 | 0.0024% |
| Tyler Redman | Common Stock | 12 | 0.0007% |
| Wyatt Hackett | Common Stock | 6 | 0.0004% |
| Yu Yang | Common Stock | 56 | 0.0035% |
| Yuting Zeng | Common Stock | 38 | 0.0024% |

**Fill in this information to identify the case:**

Debtor name    **Finch Therapeutics Group, Inc.**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. **Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

■ Other document that requires a declaration    **Debtors' Consolidated Corporate Ownership Statement and List of Equity Interest Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **March 22, 2026**     X    ***/s/ Matthew P. Blischak***

Signature of individual signing on behalf of debtor

**Matthew P. Blischak**

Printed name

**Chief Executive Officer**

Position or relationship to debtor