**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Finch Therapeutics Group, Inc., *et al.*,[1]<br><br>             Debtors. | Chapter 11<br>Case No. 26-10409 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: July 24, 2026 at 2:00 p.m. (ET)**<br>**Objection Deadline: July 17, 2026 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO**
**SECTION 1121(d) OF THE BANKRUPTCY CODE EXTENDING**
**THE EXCLUSIVE PERIODS WITHIN WHICH THE DEBTORS MAY FILE A**
**CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

The debtors and debtors in possession in the above-captioned cases (the "Debtors"), by and through their undersigned counsel, hereby submits this motion (the "Motion") pursuant to section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") extending the exclusive periods during which only the Debtors may file a chapter 11 plan and solicit acceptances thereof.  In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates, and these

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are:  Finch Therapeutics Group, Inc. (3558); Finch Therapeutics, Inc. (3711); Finch Therapeutics Holdings LLC (0727); and Finch Research and Development LLC (9205).  The Debtors' service address is 75 State Street, Suite 100, Boston, MA 02109.

matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.

2.     This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).  Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.     Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4.     The statutory and legal predicates for the relief requested herein are section 1121(d) of the Bankruptcy Code, Bankruptcy Rule 9006(b), and Local Rule 9006-2.

## BACKGROUND

### I.     General Background

5.     On March 22, 2026 (the "Petition Date"), each Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These chapter 11 cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

6.     No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committee of unsecured creditors has been appointed in these chapter 11 cases.

7.     Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these chapter 11 cases, is set forth in the *Declaration of Matthew P. Blischak, Chief Executive Officer, Secretary, and President of the Debtors, in Support of the Debtors' Chapter 11 Petitions and First Day*

*Pleadings* [Docket No. 9] (the "First Day Declaration"),[2] which is incorporated herein by reference.

8.      On July 6, 2026, the Debtors filed their Combined Disclosure Statement and Joint Chapter 11 Plan of Finch Therapeutics Group, Inc. and its Debtor Affiliates [Docket No. 256] (as may be amended or supplemented from time to time, the "Combined Disclosure Statement and Plan"). On the same date, the Debtors also filed the *Debtors' Motion for Order (I) Approving Adequacy of Disclosures in Combined Disclosure Statement and Plan on Interim Basis, (II) Scheduling Confirmation Hearing and Objection Deadline, (III) Establishing Procedures for Solicitation and Tabulation of Votes, (IV) Approving Form of Ballots and Solicitation Package, and (V) Approving Notice* [Docket No. 257] (the "Conditional Approval and Procedures Motion"). By the Conditional Approval and Procedures Motion, the Debtors seek, among other things, (a) conditional approval of the Combined Disclosure Statement and Plan for solicitation purposes, (b) approval of the forms of ballots and solicitation packages, (c) to schedule a combined hearing on final approval and confirmation of the Combined Disclosure Statement and Plan for September 1, 2026, and (d) approval of related procedures.

9.      The Debtors have requested that a hearing on the Conditional Approval and Procedures Motion be scheduled for July 24, 2026. *See* Docket No. 258.

**II.    The Debtors' Exclusivity Periods**

10.      Section 1121(b) of the Bankruptcy Code provides for an initial period of one hundred twenty (120) days after the commencement of a chapter 11 case during which the Debtors have the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period"). Furthermore,

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

section 1121(c)(3) of the Bankruptcy Code provides that if the Debtors file a plan within the Exclusive Filing Period, the Debtors have an exclusive period of one hundred eighty (180) days from the commencement of the chapter 11 case to solicit acceptances of such a plan (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods").

11. The initial Exclusive Filing Period in these cases extends through and including July 20, 2026,[3] while the initial Exclusive Solicitation Period extends through and including September 18, 2026.

12. Section 1121(d) of the Bankruptcy Code permits the Court to extend the Exclusive Periods "for cause." By this Motion, the Debtors request that (i) the Exclusive Filing Period be extended by approximately ninety (90) days, through and including October 19, 2026,[4] and (ii) the Exclusive Solicitation Period similarly be extended by approximately ninety (90) days, through and including December 17, 2026, pursuant to section 1121(d) of the Bankruptcy Code. For the reasons set forth herein, the Debtors submit that ample "cause" exists to grant such extensions.

## RELIEF REQUESTED

13. By this Motion, the Debtors request the Court enter the Proposed Order, pursuant to section 1121(d) of the Bankruptcy Code, extending (i) the Exclusive Filing Period by approximately ninety (90) days, through and including October 19, 2026, and (ii) the Exclusive Solicitation Period by approximately ninety (90) days, through and including December 17, 2026.

---

[3] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the Exclusive Periods serves to extend automatically the Exclusive Periods until such time as the Court rules on this Motion. *See* Del. Bankr. L.R. 9006-2.

[4] One hundred and twenty (120) days from the current deadline is Sunday, October 18, 2026. Pursuant to Bankruptcy Rule 9006, the deadline is therefore extended to Monday, October 19, 2026.

The Debtors further request that entry of the Proposed Order be without prejudice to the Debtors' right to seek additional extensions of the Exclusive Periods.

**BASIS FOR RELIEF**

14.    The exclusive periods under section 1121(d) of the Bankruptcy Code are intended to afford a debtor a full and fair opportunity to formulate and propose a chapter 11 plan and to solicit acceptances thereof without the disruption that might be caused by the filing of competing plans of reorganization by non-debtor parties.  To this end, where the exclusive periods prove to be unfeasible timeframes, section 1121(d)(1) of the Bankruptcy Code allows the Court to extend such exclusive periods for "cause."

15.    Specifically, section 1121(d)(1) provides: "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause . . . increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1).

16.    Although the Bankruptcy Code does not define "cause" for purposes of an extension under section 1121(d), courts have identified several key factors relevant to a determination of whether cause exists under Bankruptcy Code section 1121(d), including: (a) the size and complexity of the case; (b) the necessity of sufficient time to permit the debtors to negotiate a plan of reorganization and prepare adequate information; (c) the existence of good faith progress toward reorganization; (d) the fact that the debtors are paying their bills as they become due; (e) whether the debtors have demonstrated reasonable prospects for filing a viable plan; (f) whether the debtors have made progress in negotiations with their creditors; (g) the amount of time which has elapsed in the case; (h) whether the debtors are seeking an extension of exclusivity in order to pressure creditors to submit to the debtors' reorganization demands; and (i) whether an

unresolved contingency exists.  *See In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); *In re Dow Coming Corp.*, 208 B.R. 661, 664–65 (Bankr. E.D. Mich. 1997).

17.    Section 1121(d) of the Bankruptcy Code authorizes a bankruptcy court to extend the exclusivity periods by as much as eighteen (18) months (to file a plan) and twenty (20) months (to solicit votes) for cause, based upon the relevant facts and circumstances.  *See* 11 U.S.C. § 1121(d).  In evaluating whether an extension under section 1121(d) of the Bankruptcy Code is warranted, courts are given maximum flexibility to review the particular facts and circumstances of each case.  *See e.g., In re Borders Grp., Inc.*, 460 B.R. 818, 821–22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity"); *In re AMKO Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996) ("[A]pplying the 'flexibility' in dealing with the question of extension of exclusivity which the cases suggest . . . we hold that debtor has shown cause for the extension . . . ."); *In re Pub. Serv. Co. of N.H.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent has been construed to leave the question to the reorganization court in the exercise of its discretion and to promote maximum flexibility to suit various types of reorganization proceedings.").  Not all the above factors are necessary and relevant in determining whether to grant an extension of the exclusivity periods.  *See e.g., In re Express One Int'l Inc.*, 194 B.R. 98,100-101 (Bankr. E.D. Tex. 1996) (identifying only four of the factors as relevant in determining whether cause exists to support an extension).

18.    As explained below, sufficient cause exists in these chapter 11 cases to extend the Debtors' Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

19.    The Debtors have been operating under the protection of chapter 11 for approximately three months, and during this short period of time have made significant and

material progress in administering these chapter 11 cases.  The extension requested in this Motion will provide the Debtors and their advisors the opportunity to complete the solicitation and confirmation of the Combined Disclosure Statement and Plan.  Thus, as discussed in more detail below, the facts and circumstances of these chapter 11 cases warrant the requested extension of the Exclusive Periods.

**A.      THE DEBTORS HAVE SHOWN GOOD FAITH PROGRESS IN THESE CHAPTER 11 CASES.**

20.      The requested extension is reasonable given the Debtors' progress to date and the current posture of these chapter 11 cases.  Since the Petition Date, the Debtors and their advisors have worked diligently to administer these cases as efficiently as possible to minimize administrative expenses and maximize recoveries. To that end, the Debtors have, among other things, (i) obtained Court approval of bidding procedures and conducted a marketing process culminating in a multi-day, competitive auction, (ii) filed the Combined Disclosure Statement and Plan, (iii) filed the Conditional Approval and Procedures Motion, (iv) obtained court approval for the rejection of the Debtors' prepetition nonresidential real property lease, (v) established a bar date for filing proofs of claim, (vi) prepared and filed the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs and monthly operating reports, (vii) obtained Court approval for the retention of professionals, and (viii) responded to creditor and party in interest inquiries.

21.      Accomplishing these tasks has been a labor-intensive and time-consuming process, fully occupying the Debtors' professionals. The Debtors submit that their progress to date and the nature and extent of activity contemplated for the next couple of months provide ample cause to extend the Exclusive Periods.

**B.**      **THE NEED FOR SUFFICIENT TIME TO NEGOTIATE AND PREPARE ADEQUATE INFORMATION.**

22.      The relief requested herein will facilitate the Debtors' efforts to complete the solicitation and confirmation of the Combined Disclosure Statement and Plan without the distraction of ill-formed competing plans. *See In re Energy Conversion Devices, Inc.*, 474 B.R. 503, 507 (Bankr. E.D. Mich. 2012) ("In enacting 11 U.S.C. § 1121, Congress intended to allow the debtor a reasonable time to obtain confirmation of a plan without the threat of a competing plan. It was intended that at the outset of a Chapter 11 case a debtor should be given the unqualified opportunity to negotiate a settlement and propose a plan of reorganization without interference from creditors and other interests.") (internal citations and quotations omitted).

23.      The Debtors believe that the requested extensions of the Exclusive Periods will afford the Debtors time to complete the solicitation of the Combined Disclosure Statement and Plan and to confirm the Combined Disclosure Statement and Plan. The Combined Disclosure Statement and Plan, which was filed contemporaneously with the Conditional Approval and Procedures Motion, provides for the sale of substantially all of the Debtors' assets, which the Debtors expect will generate sufficient proceeds to pay all allowed claims in full and provide a meaningful distribution to equity holders. Accordingly, the Debtors submit that this factor weighs in favor of the requested extension of the Exclusive Periods.

**C.**      **AN EXTENSION WILL ADVANCE THESE CHAPTER 11 CASES AND WILL NOT HARM ANY PARTY.**

24.      This Motion is the Debtors' first request for an extension of the Exclusive Periods, and the request will not unfairly prejudice or pressure the Debtors' creditor constituencies or grant the Debtors any unfair bargaining leverage. Importantly, the Debtors are not seeking an extension to delay administration of these chapter 11 cases or to exert pressure on their creditors, but rather to permit the Debtors additional time to complete the solicitation of the Combined Disclosure

8

Statement and Plan, obtain confirmation of the Combined Disclosure Statement and Plan, consummate the transactions contemplated thereunder, and continue the orderly, efficient, and cost-effective chapter 11 process.  Accordingly, the Debtors believe that the requested extension is warranted and appropriate under the circumstances.

**D.      ADDITIONAL FACTORS EXIST TO SUPPORT AN EXTENSION OF THE EXCLUSIVE PERIODS.**

25.      In addition to the factors discussed above, termination of the Exclusive Periods would adversely impact the Debtors' progress in these chapter 11 cases.  Simply put, if the requested extensions are denied, upon expiration of the Exclusive Periods, any party in interest would be free to propose a plan for the Debtors and solicit acceptances thereof.  Such a ruling could foster chaos, significantly delay these chapter 11 cases, and impair the Debtors' ability to propose a plan successfully, without any corresponding benefit to the Debtors' estates.

26.      Based on the foregoing, the Debtors respectfully submit that cause exists, pursuant to section 1121(d) of the Bankruptcy Code, for the Court to extend (i) the Exclusive Filing Period through October 19, 2026, and (ii) the Exclusive Solicitation Period through and including December 17, 2026.

**NO PRIOR REQUEST**

27.      No previous request for the relief sought herein has been made to this Court or any other court.

**NOTICE**

28.      Notice of this Motion has been or will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis; (c) the Internal Revenue Service; (d) the Securities and Exchange Commission; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In

light of the nature of the relief in it, the Debtors respectfully submit that no further notice of this Motion is required.

WHEREFORE, for the reasons stated herein, the Debtors respectfully request that the Court enter an order, substantially in the form of the Proposed Order attached hereto, granting the relief requested in the Motion and such other and further relief as is just and proper.

Dated: July 7, 2026
       Wilmington, Delaware

CHIPMAN BROWN CICERO & COLE, LLP

*/s/ Robert A. Weber*
Robert A. Weber (No. 4013)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
E-mail: weber@chipmanbrown.com

-and-

CHIPMAN BROWN CICERO & COLE, LLP
Daniel G. Egan (admitted *pro hac vice*)
420 Lexington Avenue, Suite 442
New York, New York 91470
Telephone: (646) 741-5529
E-mail: egan@chipmanbrown.com

-and-

ROPES & GRAY LLP
Cristine Pirro Schwarzman (admitted *pro hac vice*)
Cameron J. Cavalier (admitted *pro hac vice*)
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
E-mail: cristine.schwarzman@ropesgray.com
          cameron.cavalier@ropesgray.com

*Counsel to the Debtors and Debtors in Possession*

10